UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

Boris Sasunov

                    Plaintiff,                                  Index No: 1:20-cv-2449

                    -against-                             Demand for Trial by Jury

Trans Union, LLC,
Wells Fargo Bank, N.A.,
Bank of America, N.A.,
Barclays Bank PLC,
U.S. Bank National Association.

                    Defendant(s).

------------------------------------------------------------------------x

## **COMPLAINT**

       Plaintiff Boris Sasunov ("Plaintiff"), by and through his attorneys, Horowitz Law, PLLC, as and for his Complaint against Defendant Trans Union, LLC, ("Transunion"), Defendant Wells Fargo Bank, N.A., ("Wells Fargo"), Defendant Bank of America, N.A. ("BOA"), Defendant Barclays Bank PLC ("Barclays"), and Defendant U.S. Bank National Association ("US Bank"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendant's transact business here.

3. Plaintiff brings this action for damages arising from the Defendants violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of New York, residing at 15015 79th Avenue, Flushing, NY 11367.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Transunion is a limited liability company and may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 80 State Street, Albany, NY, 12207.

7. At all times material here to Defendant Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Defendant Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Wells Fargo Bank, N.A. and is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service in the

State of New York, c/o Corporation Service Company, 80 State Street, Albany, NY 12207.

10. Defendant Bank of America, N.A. and is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with a principal place of business at 100 N. Tryon Street, Charlotte, NC 28255.

11. Defendant Barclays Bank PLC is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801.

12. Defendant U.S. Bank National Association is a subsidiary of U.S. Bancorp and is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and has its principal place of business located at 800 Nicollet Mall, Minneapolis, Minnesota 55402.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

14. On June 7, 2019, Plaintiff filed a Chapter 7 Voluntary Bankruptcy Petition in the United States Bankruptcy Court for the Eastern District of New York, Case No. 19-43981.

15. In Schedule F of his Bankruptcy Petition, Plaintiff listed Defendants Wells Fargo, BOA, Barclays, and US Bank (hereinafter "the Creditors") as unsecured creditors.

16. A meeting of the creditors was held on August 9, 2019 and the Creditors did not attend nor did they object to Plaintiff's discharge.

17. On September 3, 2019 the Trustee issued a report of no distribution in this case and deemed it to be a "no asset" case.

18. On November 6, 2019 the Bankruptcy Court issued an Order of Discharge in favor of Plaintiff.

19. On or around November 8, 2019 the Creditors were served with a Notice of Discharge Order by the Bankruptcy Noticing Center.

20. On or around March 19, 2020 Plaintiff obtained copies of his credit reports and noticed a significant and disproportionately lower credit score on his Trans Union report than on the other credit bureaus.

21. After further review, it was evident that Transunion and the Creditors were reporting inaccurately as they continued to publish and report balances owed despite it having been discharged in bankruptcy.

22. Specifically, Wells Fargo continued to report a balance owed of $10,262, BOA continued to report a balance of $9,001, Barclays continued to report a past due balance of $782, and US Bank continued to report two delinquent accounts with balances of $9,865 and $2,426.

23. Because the Wells Fargo, BOA, Barclays and US Bank debts were discharged in Plaintiff's Bankruptcy Case and that disclosure was withheld by them, the communication regarding the status of the Wells Fargo, BOA, Barclays and US Bank debts to third-parties as described herein was both false and misleading.

24. Further, the specific reporting described above was in derogation of accepted industry standards for reporting the account as set forth by the Consumer Data Industry Association ("CDIA") and Metro 2 and as adopted by Defendants.

25. The false and misleading information reported by Wells Fargo, BOA, Barclays and US Bank to Transunion was material in that a viewer of the report would reasonably conclude that the Wells Fargo, BOA, Barclays and US Bank debts were not included in Plaintiff's Bankruptcy Case and that Plaintiff is subject to continued collection activity regarding these debts, including legal process.

26. In a letter dated March 19, 2020, Plaintiff disputed the inaccurate and misleading information directly to Transunion.

27. Plaintiff's dispute informed Transunion of Plaintiff's Bankruptcy Case number, the date Plaintiff's Bankruptcy Case was filed, the date the Bankruptcy Case was discharged, the court where the Bankruptcy Case was filed and advised Transunion that the accounts disputed were subject to discharge and therefore the accounts were reporting inaccurately as to the balance and the current status.

28. In addition, the dispute letter contained a copy of the Order of Discharge and Certificate of Notice listing the Defendant Creditors as having been discharged.

29. Upon information and belief, Transunion timely notified Defendants Wells Fargo, BOA, Barclays, and US Bank of Plaintiff's dispute, as required by 11 U.S.C. 1681i.

30. Transunion was required to communicate the specifics of Plaintiff's dispute to the Wells Fargo, BOA, Barclays, and US Bank. Likewise, BOA, Wells Fargo, Barclays, and US Bank had a duty to investigate the dispute and accurately report its findings to Transunion.

31.  Wells Fargo, BOA, Barclays, and US Bank are responsible for providing accurate information whenever they furnish information to any consumer reporting agency.

32. Transunion is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they prepare consumer reports.

33. Transunion has an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the tradeline information, notwithstanding the information it received from Wells Fargo, BOA, Barclays, and US Bank.

34. Each and all of the Defendants, independently and jointly, breached their duties as described above.

35. Upon receipt of the dispute of the accounts from the Plaintiff by Transunion, Wells Fargo, BOA, Barclays, and US Bank failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of the Plaintiff with respect to the disputed accounts, by continuing to report the previously discharged debt with a balance and an open status.

36. Despite Plaintiff's dispute that the information on his consumer report was inaccurate with respect to the disputed accounts, Transunion did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed accounts was inaccurate.

37. As of the date of the filing of this Complaint, Defendants Wells Fargo, BOA, Barclays and US Bank continue to furnish credit data which is inaccurate and materially misleading, and Transunion's reporting of the above-referenced trade lines continues to be inaccurate and materially misleading.

38. Defendants' failure to correct the discharged debt in the face of clear evidence of Plaintiff's discharge indicates that their review procedures were not reasonable.

39. That failure further indicates that Defendants' recklessly disregarded the Plaintiff's dispute and the requirements of the FCRA, amounting to a willful violation of the statute.

40. As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

41. Also, as a result of Defendants' actions and omissions, Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging the Defendants' wrongful representations, such as mail expense, mileage expense, lost time from work incurred after his dispute and attempt to obtain correction failed; detriment to his credit rating; and, emotional distress.

42. Wells Fargo, BOA, Barclays, and US Bank's reporting of the debt to one or more credit bureaus was an attempt to collect the debt.

43. Wells Fargo, BOA, Barclays, and US Bank provided false and misleading information to Transunion in furtherance of their efforts to collect the debt.

**FIRST CAUSE OF ACTION**

**(Willful Violation of the FCRA as to Transunion)**

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

45. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

46. Transunion violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

47. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

  a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

  b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

  c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

  d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

  e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

  f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

  g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason
to believe was inaccurate before including it in the credit report of the
consumer.

48. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered
damage by loss of credit, loss of ability to purchase and benefit from credit, and the
mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

49. The conduct, action and inaction of Transunion was willful rendering Transunion liable
for actual, statutory and punitive damages in an amount to be determined by a Judge and
or Jury pursuant to 15 U.S.C. § 1681(n).

50. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion
in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Boris Sasunov, an individual, demands judgment in his favor
against Defendant, Transunion, for damages together with attorney's fees and court costs
pursuant to 15 U.S.C. § 1681(n).

## <u>SECOND CAUSE OF ACTION</u>

### (Negligent Violation of the FCRA as to Transunion)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as
though fully stated herein with the same force and effect as if the same were set forth at
length herein.

52. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et
seq*.

53. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from
the credit file of the Plaintiff after receiving actual notice of such inaccuracies and

conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

54. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

a)   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)   The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)   The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)   The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

55. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

56. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

57. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Boris Sasunov, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION

**(Willful Violation of the FCRA as to Wells Fargo)**

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

59. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

60. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

61. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

62. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

63. The Defendant Wells Fargo violated 15 U.S.C. § 1681s2-b; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to the credit reporting agencies.

64. Specifically, Wells Fargo continued to report this account on the Plaintiff's credit report after being notified that he was disputing this account due to the inaccuracies contained in the reporting of the account, specifically that this debt had been previously discharged in bankruptcy and can no longer by legally reported with a balance.

65. As a result of the conduct, action and inaction of the Defendant Wells Fargo, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

66. The conduct, action and inaction of Defendant Wells Fargo was willful, rendering Defendant Wells Fargo liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

67. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Wells Fargo in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Boris Sasunov, an individual, demands judgment in his favor against Defendant, Wells Fargo, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Wells Fargo)

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

69. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

70. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

71. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

72. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

73. Defendant Wells Fargo is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

74. After receiving the Dispute Notices from Transunion, Defendant Wells Fargo negligently failed to conduct its reinvestigation in good faith.

75. A reasonable investigation would require a furnisher such as Defendant Wells Fargo to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

76. Defendant Wells Fargo continued to report this account on Plaintiff's credit report after being notified of Plaintiff's dispute that the debt had been discharged in bankruptcy.

77. The conduct, action and inaction of Defendant Wells Fargo was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

78. As a result of the conduct, action and inaction of the Defendant Wells Fargo, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

79. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Wells Fargo in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Boris Sasunov, an individual, demands judgment in his favor against Defendant, Wells Fargo, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **FIFTH CAUSE OF ACTION**
### **(Willful Violation of the FCRA as to BOA)**

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

81. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

82. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

83. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

84. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

85. The Defendant BOA violated 15 U.S.C. § 1681s2-b; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to the credit reporting agencies.

86. Specifically, BOA continued to report this account on the Plaintiff's credit report after being notified that he was disputing this account due to the inaccuracies contained in the reporting of the account, specifically that this debt had been previously discharged in bankruptcy and can no longer by legally reported with a balance.

87. As a result of the conduct, action and inaction of the Defendant BOA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

88. The conduct, action and inaction of Defendant BOA was willful, rendering Defendant BOA liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

89. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant BOA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Boris Sasunov, an individual, demands judgment in his favor against Defendant, BOA, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to BOA)

90. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

91. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

92. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

93. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

94. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a

furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

95. Defendant BOA is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

96. After receiving the Dispute Notices from Transunion, Defendant BOA negligently failed to conduct its reinvestigation in good faith.

97. A reasonable investigation would require a furnisher such as Defendant BOA to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

98. Defendant BOA continued to report this account on Plaintiff's credit report after being notified of Plaintiff's dispute that the debt had been discharged in bankruptcy.

99. The conduct, action and inaction of Defendant BOA was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

100.    As a result of the conduct, action and inaction of the Defendant BOA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

101.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant BOA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Boris Sasunov, an individual, demands judgment in his favor against Defendant, BOA, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SEVENTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Barclays)

102.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

103.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

104.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

105.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

106.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

107.    The Defendant Barclays violated 15 U.S.C. § 1681s2-b; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to the credit reporting agencies.

108.    Specifically, Barclays continued to report this account on the Plaintiff's credit report after being notified that he was disputing this account due to the inaccuracies

contained in the reporting of the account, specifically that this debt had been previously discharged in bankruptcy and can no longer by legally reported with a balance.

109.    As a result of the conduct, action and inaction of the Defendant Barclays, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

110.    The conduct, action and inaction of Defendant Barclays was willful, rendering Defendant Barclays liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

111.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Boris Sasunov, an individual, demands judgment in his favor against Defendant, Barclays, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## EIGHTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Barclays)

112.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

113.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

114.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

115.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

116.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

117.     Defendant Barclays is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

118.     After receiving the Dispute Notices from Transunion, Defendant Barclays negligently failed to conduct its reinvestigation in good faith.

119.     A reasonable investigation would require a furnisher such as Defendant Barclays to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

120.     Defendant Barclays continued to report this account on Plaintiff's credit report after being notified of Plaintiff's dispute that the debt had been discharged in bankruptcy.

121.     The conduct, action and inaction of Defendant Barclays was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

122.     As a result of the conduct, action and inaction of the Defendant Barclays, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

123.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Boris Sasunov, an individual, demands judgment in his favor against Defendant, Barclays, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## <u>NINTH CAUSE OF ACTION</u>

### (Willful Violation of the FCRA as to US Bank)

124.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

125.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

126.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

127.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

128.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

129.     The Defendant US Bank violated 15 U.S.C. § 1681s2-b; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to the credit reporting agencies.

130.     Specifically, US Bank continued to report this account on the Plaintiff's credit report after being notified that he was disputing this account due to the inaccuracies contained in the reporting of the account, specifically that this debt had been previously discharged in bankruptcy and can no longer by legally reported with a balance.

131.     As a result of the conduct, action and inaction of the Defendant US Bank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

132.     The conduct, action and inaction of Defendant US Bank was willful, rendering Defendant US Bank liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

133.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant US Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Boris Sasunov, an individual, demands judgment in his favor against Defendant, US Bank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## TENTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to US Bank)

134.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

135.      This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

136.      Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

137.      Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

138.      The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

139.      Defendant US Bank is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

140.     After receiving the Dispute Notices from Transunion, Defendant US Bank negligently failed to conduct its reinvestigation in good faith.

141.     A reasonable investigation would require a furnisher such as Defendant US Bank to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

142.     Defendant US Bank continued to report this account on Plaintiff's credit report after being notified of Plaintiff's dispute that the debt had been discharged in bankruptcy.

143.     The conduct, action and inaction of Defendant US Bank was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

144.     As a result of the conduct, action and inaction of the Defendant US Bank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

145.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant US Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Boris Sasunov, an individual, demands judgment in his favor against Defendant, US Bank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).


## ELEVENTH CAUSE OF ACTION

### (Violation of the Bankruptcy Discharge Injunction 11 U.S.C. § 524(a)(2) as to Defendants Wells Fargo, BOA, Barclays and US Bank)

146.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

147.     Defendants Wells Fargo, BOA, Barclays, and US Bank willfully violated 11 U.S.C. § 524(a)(2) by attempting to collect a discharged debt by reporting post-bankruptcy derogatory collection information, including that there was still a balance in active collection.

148.     After receiving actual notice of its false and misleading post-discharge report, and a specific request to remedy the false report, Wells Fargo, BOA, Barclays, and US Bank not only refused but re-reported the false information to Transunion.

149.     The actions and omissions of Defendant's Wells Fargo, BOA, Barclays, and US Bank were willful, rendering each of them liable for civil contempt sanctions.

## DEMAND FOR TRIAL BY JURY

150.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)   For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15

U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g)  Civil Contempt damages and penalties in an amount sufficient to affirm the integrity

of the Orders of the Bankruptcy Court, the importance of guaranteeing the Plaintiff

the "Fresh Start" he is entitled to upon discharge, and to deter future similar conduct

on the part of Wells Fargo, BOA, Barclays, and US Bank; and

h)  For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.

Dated:  Flushing, New York
          June 2, 2020

/s/ Uri Horowitz
**Horowitz Law, PLLC,**
By:  Uri Horowitz
14441 70th Road
Flushing, New York 11367
Phone: 718-705-8706
Fax: 718-705-8705
uri@horowitzlawpllc.com